OPINION
James Collins appeals from the denial of his third petition for post conviction relief without a hearing. We affirm.
Collins was sentenced to life in prison June 1, 1979, after having been found guilty by a jury of the aggravated murder of Michael Hargrove.
On January 26, 2001, Collins filed his third petition for post conviction relief.
In essence, he asserted in his memorandum in support that his trial counsel had been ineffective in presenting an alibi defense rather than a defense of self-defense. To overcome the time restrictions contained in R.C. 2953.21, his memorandum asserted that he had only recently become aware — from his current counsel of a viable defense of self-defense.
Collins' affidavit in support of his petition was as follows:
 1. I was the Defendant in State of Ohio v. James Collins, Case No. 77-CR-520 in the Montgomery County Common Pleas Court.
 2. On April 20, 1977, I was confronted by Michael Hargrove in Woody's Marked (sic) in West Carrollton, Ohio. Mr. Hargrove killed my brother in 1975. Mr. Hargrove tried to grab something out of his pants. I shot Mr. Harsgrove (sic) in self defense.
 3. Despite the foregoing my trial attorney presented the defense of alibi in my case.
 4. I was never instructed in about the defense of self defense.
Collins' single assignment of error states:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED APPELLANT'S PETITION FOR POST CONVICTION RELIEF BASED ON THE FINDING THAT THE PETITION WAS NOT TIMELY FILED.
R.C. 2953.23 provides:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
R.C. 2953.23(A)(1)(a) must be satisfied in order for Collins to avoid the time limitation of R.C. 2953.21.
Collins contends that he only recently became aware of a viable defense of self-defense. We agree, however, with the State that awareness of a possible defense in law is different from an awareness of facts upon which the defense is based. By his own affidavit, Collins admits that he was aware of the facts that would support a defense of self-defense as of April 20, 1977, when he shot Hargrove. Accordingly, Collins was not unavoidably prevented from discovering the facts upon which he must rely to present a claim for ineffective assistance of counsel based on a failure to present the defense of self-defense. Thus, he failed to satisfy R.C. 2953.23(A)(1)(a).
Having determined that he failed to satisfy R.C. 2953.23(A)(1)(a), we need not consider whether, on the whole record, he has satisfied R.C.2953.23(A)(2).
The assignment of error is overruled.
The judgment will be affirmed.
BROGAN, J. and GRADY, J., concur.